FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

02 JUN 28 PM 3:07

U.S. DISTRICT COURT
N.D. OF ALABAMA

RALPH TIMBERLAKE,
    Plaintiff,

v.

JOHN E. POTTER, Postmaster General
    Defendant.

CASE NO. CV-00-BE-3618-NE

ENTERED
JUN 28 2002

## MEMORANDUM OPINION

Mr. Timberlake is a *pro se* litigant who filed his Complaint on December 15, 2000, after "removal"[1] from his position with the United States Postal Service for assaulting a co-worker and for failure to cooperate in a fitness for duty examination.[2] This case came before the court on the Defendant's Motion for Summary Judgment (document # 57). After hearing oral arguments, reviewing submissions in support of and in opposition to the motions, as well as the voluminous certified record before the Merit Systems Protection Board, the court granted the defendant's Motion for Summary Judgment for the reasons stated on the record in open court, as well as the reasons set out below.

---

[1] Plaintiff refers to his "removal." However, he was actually placed on indefinite suspension.

[2] Mr. Kennedy appealed his removal and an Administrative Judge mitigated his removal to an indefinite suspension based upon a finding that sufficient evidence existed to show that Mr. Timberlake committed the assault with which he was charged, but that the evidence was insufficient to show that the assault was intentional. The administrative judge ordered suspension pending Mr. Timberlake's cooperation in a fitness for duty examination. (Def.'s Br. 7). Because Mr. Timberlake never cooperated in the exam, he remained on indefinite suspension until he was permanently removed from his employment on August 21, 2001 for medical inability to perform the duties of his suspension. That removal is not before this court.

99

## I. Summary Judgment Standard

In a motion for summary judgment, the burden rests on the moving party to establish that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 471 U.S. 317, 322 (1986). The court must also consider the facts in the light most favorable to the non-moving party. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). The court thoroughly searched the record and gave due consideration to plaintiff's statements - both oral and in writing - in an effort to find evidence sufficient to support any of Mr. Timberlake's claims. Because Mr. Timberlake is a *pro se* litigant, the court took extreme caution to construe the facts in Mr. Timberlake's favor. The court listened to each argument Mr. Timberlake made. However, "Plaintiff[s] may not rest on [his] pleadings but must demonstrate that specific, material facts exist that give rise to a genuine issue." *Biondo v. Dept. of Navy,* 928 F. Supp. 626, 630 (D.S.C. 1995). Giving due consideration to plaintiff's submissions and the record as a whole, the court finds no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

## II. Due Process Claim

Plaintiff's complaint alleged, *inter alia*, a due process claim resulting from defendant's failure to produce requested documents. In a status hearing held January 8, 2002, the court addressed these allegations. To be sure that the plaintiff received all of the documents that he requested, the court orally directed the government to certify to the court that it had produced all available documents.

On January 17, 2002, the defendant submitted its "Response to the Court's Status Conference Inquiries" (document # 78) in which the government's counsel attested "that the

Defendant has produced all documents which she has been able to locate which may be relevant to the claim currently pending before this Court." *See* Defendant's Response to the Court's Status Conference Inquiries, p. 6. Additionally, the defendant issued a subpoena requesting all documents in Dr. Waddell's possession, as the plaintiff requested. Plaintiff filed nothing to contradict defense counsel's attestation. The court finds that the defendant produced or made available to the plaintiff all documents to which he is entitled. The court, therefore, declined to engage in any further discussion of outstanding document production at oral arguments on the Motion for Summary Judgment. Accordingly, the court granted summary judgment as to Mr. Timberlake's due process claim.

### III.   Age, Race, and Sex Discrimination

In an attempt to aid Mr. Timberlake, the court reviewed Mr. Timberlake's employment discrimination claims *de novo*. Mr. Timberlake repeatedly asserted on the record that he had not requested a *de novo* review. However, because Mr. Timberlake is a *pro se* litigant, the court chose to give Mr. Timberlake every possible benefit and reviewed his claims *de novo* although it could have reviewed portions of the Merit Systems Protection Board decision for an abuse of discretion.

In an employment discrimination action, summary judgment is appropriate where either the plaintiff is unable to establish a prima facie case, or the plaintiff is unable to present sufficient evidence to show that the defendant's legitimate, nondiscriminatory reasons are mere pretext for discrimination. *See Holifield v. Reno*, 115 F.3d 1555 (11th Cir. 1997); *Grigsby v. Reynolds Metal Co.*, 821 F.2d 590 (11th Cir. 1987).

Reviewing the claims *de novo*, the court found that Mr. Timberlake failed to establish a

prima facie case of discrimination. Mr. Timberlake had the burden of producing evidence of similarly situated employees who had been treated more favorably than he. *See St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2747 (1993). Mr. Timberlake knew of some employees who had been charged with improper conduct but was not able to show any who had refused to cooperate in a fitness for duty evaluation, and thus were not similarly situated. He also was unable to show that any employees treated more favorably were of a different age, race, and sex than the plaintiff. Further, plaintiff offered no admissible evidence as required by F.R.C.P. Rule 56.

Additionally, the court found that even if Mr. Timberlake had been successful in establishing a prima facie case, the government offered many legitimate, nondiscriminatory reasons for his removal. Specifically, Mr. Timberlake engaged in violent behavior at work, be it intentional or not, and refused to cooperate in a fitness for duty examination when instructed to do so.[3] Mr. Timberlake offered no evidence to rebut the government's evidence that would tend to show that the government's proffered reasons were actually a pretext for its allegedly discriminatory conduct. Plaintiff's feelings or beliefs are not enough to rebut credible evidence. Therefore, the court found that the government was entitled to summary judgment as a matter of law on Mr. Timberlake's discrimination claims.

### IV. Retaliation

The remaining claim is retaliation. The court found that Mr. Timberlake engaged in many statutorily protected expressions. In fact, Mr. Timberlake asserted in open court that he has

---

[3] From review of the plaintiff's submissions, and the court's own observations of the plaintiff, the court concurs with the finding of the MSPB that a fitness for duty examination of Mr. Timberlake was necessary before allowing him to return to work.

filed in excess of forty EEO complaints. Although Mr. Timberlake alleged several adverse employment actions at oral argument, the court only finds one such alleged action in his pleadings and that is the "removal" that forms the basis of his complaint (document # 1).

Nonetheless, the plaintiff must offer more than evidence of a protected expression and an adverse employment action to establish a cause of action for retaliation. In fact, the Eleventh Circuit has held that " . . . for the link to be made, it must be reasonable to assume that the employer had cause to retaliate." *Mize v. Jefferson City Board of Education*, 93 F.3d 739, 745 (11th Cir. 1999). Given all of the evidence submitted in support of summary judgment, the court finds that it would not be reasonable to assume that the defendant retaliated against Mr. Timberlake. Instead, the defendant had many legitimate reasons for removing Mr. Timberlake. Indeed, the fact that at least one doctor questioned Mr. Timberlake's mental fitness to continue in postal employment makes the defendant's actions at least reasonable. (Certified Record from MSPB Hearing Bates Stamped 00080, 00083-4).

### V.  **Conclusion**

For the foregoing reasons and the reasons stated on the record in open court, the defendant's Motion for Summary Judgment is due to be granted in its entirety. An Order consistent with this Memorandum Opinion shall be entered contemporaneously herewith.

Done this _28th_ day of June, 2002.

Karon O. Bowdre
United States District Judge